IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN DALE SHEFFIELD,** | ) | |
| **#126026903,** | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:20-CV-550-B (BH) |
| | ) | |
| **THE STATE OF TEXAS,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for a Writ of Habeas Corpus By a Person in State Custody*, received on March 3, 2020 (doc. 3). Based on the relevant findings and applicable law, the petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I. BACKGROUND

Kevin Dale Sheffield (Petitioner), a state pretrial detainee incarcerated at Johnson County Jail in Cleburne, Texas, challenges his detention in Cause No. DC-F20190085 in the 413th District Court in Cleburne, Texas. (*See* doc. 3 at 1-2.)[2] He names The State of Texas as the sole respondent. (*See id.* at 1.) He claims that (1) he was subjected to a warrantless search on May 15, 2019; (2) he was subjected to an illegal search and seizure; (3) he has been unreasonably detained; and (4) he has been denied the right to an "examining trial." (*See id.* at 6-7.)

### II. NATURE OF SUIT

Petitioner submitted his petition on the standard form for filing a "petition for writ of habeas corpus by a person in state custody" under 28 U.S.C. § 2254(a). Section 2254 is reserved for habeas

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Page citations refer to the CM/ECF system page number at the top of the page rather than the page numbers at the bottom of each filing.

petitions brought on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Petitioner does not allege that he is in custody pursuant to a state court judgment; he is "awaiting trial." (*See* doc. 3 at 2.) *see also* https://johnsoncountytx.org (last visited Mar. 9, 2020).

A pretrial detainee's suit brought to challenge his incarceration is properly brought under 28 U.S.C § 2241. *See Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (recognizing that "[t]he purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention."). Because Petitioner is challenging his pretrial detention, his petition is properly construed as arising under § 2241.

### III. SECTION 2241

Section 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" is the proper vehicle for seeking habeas relief from pretrial detention. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.1987)). "[T]o be eligible for habeas relief [under 28 U.S.C. § 2241, however], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson*, 816 F.2d at 224. The exhaustion requirement for § 2241 was "judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza County Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019) (citing *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001), and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)), *rec. adopted by* 2019 WL 5697895 (N.D.

Tex. Nov. 4, 2019). It may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)), *rec. adopted by* 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters*, 985 F.2d at 795. In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985). To challenge pretrial detention, a detainee must "first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis,* 2019 WL 5698802, at *2 (citing Tex. Code Crim. P. art. 11.08 (West 2008) and *Cotton v. Jefferson County*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). He may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner represents that he previously raised his claims in this Court in a petition filed

on October 18, 2019.  (*See* doc. 3 at 3-4) (citing Cause No. 3:19-CV-2399-D-BK).  He claims that the petition was dismissed without prejudice on February 11, 2020, for failure to exhaust his state court remedies.  (*See id.* at 4.)  However, Petitioner has not pursued relief in state court for his habeas claims.  (*See* http://search.txcourts.gov.) Because he has not presented them to the Texas Court of Criminal Appeals, that court has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

## IV.  RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SO RECOMMENDED** this 20th day of March, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE